# UNITED STATES DISTRICT COURT

Northern District of California

UNITED STATES OF AMERICA
v.
Wilmer Omar Arteaga-Erazo

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-25-00387-001 MMC

USM Number: 50865-408

Defendant's Attorney: Joanna Privratsky Sheridan (Appointed)

**THE DEFENDANT:**

- [x] pleaded guilty to counts: One through Five of the Superseding Information.
- [ ] pleaded nolo contendere to count(s): which was accepted by the court.
- [ ] was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) | Possession with Intent to Distribute 40 Grams and More of a Mixture or Substance Containing Fentanyl | August 4, 2025 | 1 |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) | Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing Methamphetamine | August 4, 2025 | 2 |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi) | Possession with Intent to Distribute 40 Grams and More of a Mixture or Substance Containing Fentanyl | November 2, 2025 | 3 |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute a Mixture or Substance Containing Methamphetamine | November 2, 2025 | 4 |
| 8 U.S.C. § 1236(a) | Illegal Reentry Following Removal | August 4, 2025 | 5 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s):
- [ ] Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/7/2026
Date of Imposition of Judgment

Signature of Judge
The Honorable Maxine M. Chesney
Senior United States District Judge
Name & Title of Judge

Date 10/8/2026

DEFENDANT: Wilmer Omar Arteaga-Erazo
CASE NUMBER: CR-25-00387-001 MMC



## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
60 months. This term consists of terms of 60 months on each of the Counts One through Five, all counts to be served concurrently.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

- [x] The Court makes the following recommendations to the Bureau of Prisons:
  The Court recommends that the defendant participate in the Bureau of Prisons' Residential Drug Abuse Treatment Program if eligible, or any other substance abuse/cognitive behavioral therapy program available to the defendant at the designated facility.
- [x] The defendant is remanded to the custody of the United States Marshal.
- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at on (no later than 2:00 pm).
  - [ ] as notified by the United States Marshal.
- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] at on (no later than 2:00 pm).
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________________ to ________________________________________ at ________________________________________ , with a certified copy of this judgment.

________________________________________
UNITED STATES MARSHAL

By ________________________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Wilmer Omar Arteaga-Erazo
CASE NUMBER: CR-25-00387-001 MMC



## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 4 years

The court imposes a four-year term of supervised release. This term consists of terms of four years on each of Counts One, Two, and Three, and three years on each of Counts Four and Five, all such terms to run concurrently. However, upon release from imprisonment, the defendant will likely be deported and will not be in the United States to be supervised. At all times, the defendant must comply with the rules and regulations of the United States Immigration and Customs Enforcement and, if deported, must not reenter the United States without the express consent of the Secretary of the Department of Homeland Security.

If the defendant is deported, and within four years of release from imprisonment returns to this country, legally or illegally, the defendant must report to the nearest probation office within 72 hours of reentry. If the defendant for some reason is not deported and remains in this country, the defendant must report to the nearest probation office within 72 hours of release from imprisonment.

## MANDATORY CONDITIONS OF SUPERVISION

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance.
3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5) ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, you will receive a copy of the Judgment and Commitment which will set out the conditions of your supervision. You will be advised as to how and when you must report to the probation officer.
2) You must not change your authorized residence without the consent of your probation officer.
3) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that are observed in plain view.
4) You must not commit another federal, state, or local offense.
5) You must not unlawfully possess a controlled substance.
6) If you are arrested by a law enforcement officer, you must notify the probation officer within 72 hours.
7) You must answer truthfully any questions asked by your probation officer.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) ______________________________ ______________________________
Defendant Date

______________________________ ______________________________
U.S. Probation Officer/Designated Witness Date

DEFENDANT: Wilmer Omar Arteaga-Erazo
CASE NUMBER: CR-25-00387-001 MMC



## SPECIAL CONDITIONS OF SUPERVISION

1. You must follow the instructions of the probation officer related to the conditions of supervision.

2. Unless authorized by U.S. Probation, you shall neither enter nor be present in the area in San Francisco bordered on the west by Laguna Street, on the north by Sutter Street, on the east by Powell Street and 5th Street, and on the south by Folsom Street.

3. You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

4. You must comply with the rules and regulations of the U.S. Immigration and Customs Enforcement and, if deported, not reenter the United States without the express consent of the Secretary of the Department of Homeland Security. Upon any reentry into the United States during the period of court ordered supervision, you must report to the nearest U.S. Probation Office within 72 hours and comply with all conditions of supervision set forth in this agreement.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 500 | Waived | None | N/A | N/A |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☐ the interest requirement is waived for the.
- ☐ the interest requirement is waived for the is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐ Lump sum payment of ____________________ due immediately, balance due

☐ not later than , or
☐ in accordance with ☐ C, ☐ D, or ☐ E, and/or ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**It is further ordered that the defendant shall pay to the United States a special assessment of $500. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system. During imprisonment, payment of criminal monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

a. $242 in U.S. currency seized on August 4, 2025;
b. A silver knife seized on November 2, 2025;
c. A small JBL speaker seized on November 2, 2025;
d. A digital scale seized on November 2, 2025;
e. An Apple cellphone with a clear-brown case seized on November 2, 2025, and
f. $2,179 in U.S. currency seized on November 2, 2025.

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

☐ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**